**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4031**

―――――――――

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

KELVIN SNEAD,

               Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:12-cr-00063-H-2)

―――――――――

Submitted:  October 18, 2013        Decided:  November 14, 2013

―――――――――

Before MOTZ, SHEDD, and DIAZ, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Snead appeals the 156-month sentence imposed by the district court. Snead pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base, and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Snead's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal after having reviewed the validity of the plea and sentencing proceedings. Snead has supplemented his appellate counsel's brief by challenging the inclusion of a 2007 state conviction for possession of marijuana in his criminal history, arguing that the drug quantity attributed to him was excessive, and alleging that his counsel was ineffective.[1] For the reasons that follow, we affirm.

I.

We first address Snead's plea. Prior to accepting a guilty plea, a trial court must directly inform the defendant of, and ensure that the defendant understands: (1) the nature of

_____

[1] To the extent that Snead also challenges the district court's compliance with Fed. R. Crim. P. 32(i)(1)(A) and the Government's failure to file a Fed. R. Crim. P. 35(b) motion, we conclude these claims lack merit.

the charges against him for which the plea is being offered; (2) any mandatory minimum penalty; (3) the maximum possible penalty; and (4) the various rights he is relinquishing by pleading guilty. See Fed. R. Crim. P. 11(b)(1). The district court must also ensure that the defendant's plea was voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. See Fed. R. Crim. P. 11(b)(2), (3). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Snead did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy. Thus, we review the plea colloquy for plain error. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). Upon a thorough review of the record, we conclude that the district court fully complied with Rule 11 and ensured that Snead's plea was knowing and voluntary and

3

supported by a sufficient factual basis.[2] See DeFusco, 949 F.2d at 116, 119-20.

## II.

Next, we address the reasonableness of Snead's sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to [properly calculate] the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. When considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." Id. If the sentence is within or below a properly calculated Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013).

---

[2] We note that this determination forecloses Snead's contention that a tractor-trailer involved in the drug-distribution conspiracy was not registered in his name. The government alleged that the tractor-trailer was registered in Snead's name in its factual basis for the plea, to which Snead admitted when he pleaded guilty. Cf. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

4

A.

Snead contends that a 2007 state conviction for possession of a half-ounce of marijuana was fabricated or altered in order to increase his criminal history category. Snead's counsel initially objected to the inclusion of this conviction in the presentence report (PSR). However, the PSR noted that an automated records check confirmed the conviction. Snead's counsel subsequently withdrew the objection. Evidence submitted by Snead on appeal supports the fact of his conviction.[3] Based on this record, we conclude that the district court did not procedurally err by considering the 2007 conviction. See United States v Slade, 631 F.3d 185, 188 (4th Cir. 2011) ("The defendant bears the burden of establishing that the information relied upon by the district court--here the PSR--is erroneous.").

Additionally, we conclude that Snead's argument that the 2007 conviction was part of the instant offense is without

---

[3] We recognize that there was a factual inconsistency between the version of the PSR that Snead argues he reviewed and the version relied upon by the district court. The inconsistency was not material for sentencing purposes. The version of the PSR Snead submitted confirms that he pleaded guilty to the marijuana offense and received ten days custody (suspended) and 12-months unsupervised release. E.R. 166.

5

merit.[4]   There is no evidence that Snead's 2007 conviction for mere possession was relevant to the distribution conspiracy. See USSG § 4A1.2(a)(1) & cmt. n.1; § 1B1.3(a)(1).

## B.

Snead next contends that the drug quantity attributable to him is too high.  The district court calculated the amount of marijuana attributable to Snead based on statements by Snead's codefendants.  Snead initially objected to the drug quantity, but his counsel withdrew the objection at sentencing.  Snead points to no evidence in the record that contradicts the drug quantity established at sentencing.  Cf. Slade, 631 F.3d at 188 ("[I]t is within the discretion of the district court to credit the testimony of [] witnesses who discussed [the defendant's] involvement in the drug trade.").  Therefore, we conclude that the district court did not commit procedural error.

Finding no procedural error, we conclude that Snead's below-Guidelines sentence is substantively reasonable.  See Yooho Weon, 722 F.3d at 590.

---

[4] This conclusion also forecloses Snead's claim that he is eligible for a safety-valve reduction.  See U.S. Sentencing Guidelines Manual § 5C1.2(a)(1) (2012) (providing that a defendant is only eligible for the safety valve if the defendant has no more than one criminal history point).

III.

Lastly, Snead argues that his trial and appellate counsel were ineffective. Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). We may entertain such claims only if the record conclusively shows that defense counsel did not provide effective representation. Id. (quoting United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999)). We conclude that the record does not conclusively show that Snead's counsel were ineffective under the standard articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984).

IV.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Snead, in writing, of the right to petition the Supreme Court of the United States for further review. If counsel believes that such a petition would be frivolous, but Snead nonetheless requests a petition be filed, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Snead.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED